Hear ye, hear ye, hear ye. The United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and dishonorable court. Good morning. We have four appeals to hear this morning. You know, Judge Anderson is sitting with us today again, as he did on Tuesday. Uh, and as you, as counsel probably knows, Judge Anderson, uh, is a senior judge and has been, I guess, a senior judge for more than a decade now. And, um, as a former chief judge, and we're very fortunate to have the contributions of the senior judges of our court. Uh, I don't know how much, um, the bar and the public, uh, realized it, but, uh, the senior judges of the federal courts shoulder about 20% of the workload of the federal judiciary. Um, so they're, they really make a vital contribution, um, to our court system, and we really could not do what we do at the high level that I think the federal judiciary, um, forms, uh, without their contributions. And, uh, Judge Anderson certainly hasn't slowed down at best. I can tell, uh, since he's been a senior judge, he, uh, regularly contributes to our oral argument, uh, work and, uh, we're very grateful for it. Senior judges work for free. They, they continue to draw that salary, whether they work or not. So when they choose to work, um, they are, so to speak, volunteering and, uh, and, and make, and that's a, makes it a great bargain for the American people. Uh, so this is our last day to sit with Judge Anderson this week. Um, but I wanted to say that, uh, before we got started. Oh, it's hard not to, uh, work when it's the best job God ever thought of. That, which is something judge, my very first sitting on this court was with Judge Anderson and he told me that, um, when I arrived at the court and I think he was right then, and I still think he's right, um, counsel, we're familiar with your cases, we've read your briefs, the authority cited in your briefs. Look at at least portions of the record. You don't have a lot of time this morning. You're here mainly probably to answer some questions from us. Um, but you should feel free and the limited time that you have to get straight to the heart of your argument and hit the main points that you want to make sure that we hear, um, before, before we leave, uh, of course, whatever you presented in your briefs, it will still be under submission. Uh, so you don't have to address everything. Um, be mindful of the clock. Uh, our time is important, uh, as insurers. And so, uh, when the clock expires, it's time to finish. If you're answering a question from the court, you can, of course, finish your answer. Uh, but do be mindful of the clock. If you're finishing an answer, you won't lose any rebuttal time. If you have any, uh, so our first case this morning is United States versus Dennis. Um, Ms. Sharkey, uh, will you speak with us? Good morning. May it please the court. The district court aired when it revoked Ms. Dennis's probation on the grounds that she had committed misdemeanor obstruction when she had not been given notice of that offense and when she relied on the specific notice that she had been provided. Here's the problem I have with your argument. And I want to just, um, give you an opportunity to respond to it. Um, so as I understand it, first of all, your client did have notice. You do not contest that your client had notice of the felony obstruction charge as a basis for revocation, right? That is correct. Ms. Dennis had been provided sufficient notice of felony obstruction. Okay. So, um, and, and we know the Supreme court has told us many times that probation revocation proceedings are more flexible, less rigid than a criminal trial, right? Yes. Yes, that is correct. And we know it is an ancient rule from the beginning of the Republic, the rule of common law. The constitution permits in a criminal trial where there has been an indictment that charges a felony charge that any lesser included offense is, is necessarily included and the defendant would have sufficient notice of that. Even if that, you know, say misdemeanor offenses in this case is not specifically and separately charged. Isn't that right? That is correct. But defendants are, are permitted and expected to rely on the notice that they have been provided. Well, if that's true in the criminal trial context, which we know is more rigid, more protective for the defendant, for the accused rights, it's hard for me to understand how the rule could be more rigid in the probation revocation context where, uh, the Supreme court's told us exactly the opposite, that it's less rigid and less formal. So can you help me with that? At no point, your honor, during the revocation hearing or prior to, after providing the formal written notice, at no point did the government or probation indicate that they would be seeking revocation based on misdemeanor obstruction and the defense presented at the revocation hearing focused on one defendant do or threaten physical harm to the officer. So the entire defense presented focused on the notice that was given and narrowed in on one specific element because of the evidence in this case, there were two. But necessarily every element of felony obstruction was at issue. It is true that your client did not focus on the other elements, but all those other elements nevertheless had to be proved, maybe uncontested essentially is in this case, and your client had noticed that all of those elements were being charged and all of those elements comprise the misdemeanor charge, right? Misdemeanor obstruction in the state of Georgia is a lesser included offensive felony obstruction. And so the three elements that make up misdemeanor obstruction are included in felony obstruction. And then felony obstruction as the fourth element, the defense in this case focused on the fourth element, but did not concede the first three elements. The defense felt comfortable that based on the videotape evidence, the defense didn't concede, didn't, didn't concede, but didn't contest. No, your honor did not contest focus solely on the fourth element of mis of felony obstruction. Because at that point, there was no need for the defense to attack other elements when videotape evidence showed conclusively the defense felt and the district court ultimately agreed that the government could not prove felony obstruction. This is not a case where there was only the narrative, a narrative notice given of what occurred. In this case, the government specifically listed three offenses that it alleged Ms. Dennis had committed theft of services, simple battery on a law enforcement officer, and then felony obstruction listed them by name. And then prior to the revocation hearing, the government provided discovery that included a police report that again, listed those three offenses by name and by specific statute to reference to state law. Well, let's say this had been a criminal trial and you, and the defense had focused only on that one element that makes the charge a felony charge, as opposed to misdemeanor. You wouldn't be able to argue if convicted afterward of the misdemeanor charge, that there was a due process violation, would you? Your honor. I think that the, the analogy is a little different. I think that it's appropriate to think about what would occur if the defense at trial did not request that the jury be charged in a lesser included offense. And here there's no information. There's no notice given about a lesser included at any point prior to, or is given by the indictment, which charges all the elements that would comprise the misdemeanor charge as well. If we're concerned about a due process, right. That that's where it's satisfied. That's different from jury trial issues. Here we don't have it. The fact finder, you know, is, is the judge, but if the concern is notice that indictment provides the notice on the felony charge, which includes all those elements and necessarily included in that as the misdemeanor, wouldn't that be the rule for the trial? And from a due process standpoint, your honor, I think that when we're, when we, when we talk about a trial and a jury trial, a defendant is not expected to defeat or challenge all of the things that a jury could be charged with bench trial. Okay. Your honor, a bench trial, the defense would be operating under that idea and could again, ask to focus solely on, for example, a felony, a greater offense for and make a strategic decision to focus on that, but the district judge, but the to convict on the misdemeanor, the lesser included, and it wouldn't be a due process violation. What you're under here in this instance, the government made a decision to narrowly focus on three specific offenses. Those are listed in the petition by name, and then later supported with specific reference to the numerical statutes that are at hand there. If I can, in the short time you have left, let me ask you a question and give you a hypothetical in the inverse order. So let me start with the hypothetical first. Let's say that a person who is on probation or supervised release is alleged to have possessed half a pound of marijuana and the notice given in the petition for revocation is that the possession was with intent to distribute. The district judge finds after hearing evidence that there isn't sufficient evidence by a preponderance of the evidence to find that there was any intent to distribute, but that there was possession of the half pound of marijuana. Can the judge revoke probation or supervised release? Your Honor, I've given thought to this exact hypothetical, and I think that when it comes to that precise hypothetical, generally, when a defendant is defending against a possession with intent to distribute charge, many times the strategic defense is that the defendant possessed the drugs but did not have an intention to distribute. So there would be a concession of certain elements. In this instance, there was no concession of any elements. They were not addressed. But in my hypothetical, there's no concession either. It's just a strategic choice to fight on the mens rea to try to defeat the allegation in the petition. So you don't focus on the others because, as in your case, you think that the mens rea, in this case, the willfulness element might be short. I don't think it would be appropriate, Your Honor. I think that it's important that for the notice to be sufficient to comport with due process, the defendant must be given specific notice as to not only the factual allegations that she is alleged to have committed as a violation of the law, but also notice as to what laws she is alleged to have violated. And that can be by the specific name or statute number. All right. Let me ask you the question now, then. Do you think that as a constitutional matter, a defendant has the right to refuse a lesser-included offense instruction? Yes, Your Honor. I do believe that the defense has a right to refuse a lesser-included instruction. Not as a statutory or rule-based matter, but as a constitutional matter, you think? Yes, Your Honor. I do. Okay. Thank you. I believe that my time is up. So unless the court has further questions at this moment. I think that's it. You've saved four minutes for rebuttal, Ms. Sharkey. Ms. Cooper. May it please the court. Natasha Cooper on behalf of the United States. The district court did not err when it revoked Ms. Dennis' probation, finding that she committed the lesser-included offense of misdemeanor obstruction in violation of her mandatory probation condition that she not commit another state, local, or federal crime. This court should affirm the lower court's decision for two reasons. One, the petition complied with the minimum due process requirements set out by the Supreme Court in Morsi. And two, as Chief Judge has alluded to, misdemeanor obstruction is a lesser-included offense, a felony obstruction. And though it was not explicitly listed within the charging document within the revocation petition, defense counsel was on notice as under Georgia law, it is a lesser-included. Going to that second point. As your honor has stated, this is a lesser-included offense and it's black letter law that the trial level, the district court can revoke or can't convict a defendant of a lesser-included offense. This can happen at the close of evidence. Does that necessarily, and I know this doesn't precisely answer the due process question that Chief Judge Pryor was asking about, but if a defendant refuses a lesser-included instruction in a jury trial context, what happens? The district court on its own volition can provide that lesser-included offense instruction. Over defense objection? Yes, your honor. It does not require the defense or the prosecution to request it. The district court finds that the evidence that was presented was sufficient to support an instruction for a lesser-included offense. The district court can provide for a lesser-included offense instruction and can convict for a lesser-included offense. You and Ms. Sharkey have completely different perspectives on that question. And I know that it wasn't something that anybody really focused on, but I'll have to take a look. Thank you. Yes, your honor. And specifically under federal rule of criminal procedure 31C, it goes to the heart as to lesser-included offenses, though not cited in our brief. But here, as stated, revocation hearings have lesser, less formal, less rigid standards when it comes to due process and the notice that was required. Defense counsel in her reply brief, as well as just now, stated that she only focused subjectively on that last element, that violence element. However, the record states otherwise. In the hearing transcript from the revocation hearing on pages 66 through 69, defense counsel goes into a line of questioning going explicitly to those first three elements that the government had the burden to prove. Those first three elements explicitly as to whether or not her client knowingly and willingly obstructed or hindered the law enforcement officer's duties and to his law law enforcement officer and to his lawful duties. She asked her client as to questions why she failed to comply with the officer's instructions, specifically asked why she failed to give her license, even though the officer requested it twice, in which her client responded that she failed to give her license because she needed to drive home and didn't think she had to. Then the government- As I understand it, it really isn't a sufficiency challenge. You know, the argument is that due process somehow prohibited the district court from revoking the probation based on a preponderance of the evidence showing that proved the lesser-included offense when the lesser-included offense had not been specifically mentioned. But the felony offense had, Ms. Sharkey doesn't dispute that this is, in fact, a lesser-included offense. So the government had the burden of proving all the elements of the felony charge, right? And as I understand it, there's not an argument made here that the argument was insufficient on the misdemeanor charge. It's strictly a due process argument. Yes, Your Honor, that is correct. And as stated previously, this not only is it a lesser-included offense, but the record shows that defense counsel was prepared to and was on notice as to those first three elements, even though it was not listed within our petition. And as Your Honor has stated, she was a notice of the greater offense, which necessarily included the elements of misdemeanor charge. Let's say she didn't ask a question about it, right? If the government put on the evidence and made the felony charge the charge, we're still back at the same place, aren't we? Yes, Your Honor, we are, as it was necessarily included. So even if she did not, and she subjectively chose not to focus or ask any questions about it— Because she didn't bear any burden of proof, the government did. Yes, that is correct. We bear the burden of proof, and we welcome that burden. And we met the burden, as the district court stated, on those first three elements. And Ms. Sharkey's subjective strategy, trial strategy, defense counsel's subjective trial strategy does not dictate objectively what is sufficient notice. Specifically, as the Supreme Court in Morrissey has required, there's only two things in which we had to provide in this case. One is the violation, and two is the evidence against the defendant. And the petition complied with both by including the greater offense of felony obstruction as well as the factual basis as to why her revocation was being revoked, or her probation was being revoked. Seeing no further questions, for this reason, we ask that this court affirm the district court's holding. Thank you. Thank you, Ms. Cooper. Ms. Sharkey, you've saved four minutes for rebuttal. Thank you, Your Honor. And the court is correct that the defense did not, on appeal, raise a sufficiency argument. This is about due process. The defense's position is that Ms. Dennis was provided sufficient notice for three criminal offenses that she was alleged to have committed, theft of services, simple battery on a law enforcement officer, and felony obstruction. The government made a decision to narrowly focus the petition and the notice that she was provided to those three specific offenses. And she is entitled to rely on the specific and narrowly focused notice that she has been provided. That's what she did here. Yeah, but if we say that, won't we be imposing a more stringent rule for a probation revocation proceeding than for a criminal trial? I don't believe so, Your Honor. Why not? Because I believe that there is a question as to whether a court can, for example, over defense argument or without notice to the defense, decide to instruct a jury on the lesser included offense. We're not talking about a jury instruction or a jury trial, right? Okay. The question is, from a due process standpoint, it's well established that notice of the felony charge is sufficient notice for purposes of due process for any lesser included offense, right? And Ms. Dennis was provided notice of the three elements that are included in both misdemeanor obstruction and felony obstruction. But she was also provided notice that the government was seeking to revoke her probation based on three named offenses. The government articulated those by name and by specific reference to the statute. This is not the same argument, though, for the trial and the indictment, right? Yes, Your Honor. And the defense is entitled to rely on the notice that is provided and make decisions based on that. Here, there is no indication at any point that the government was seeking to revoke her probation based on a misdemeanor. The government was seeking to revoke her probation listed on the three articulated and specific offenses that she was alleged to have committed. To allow the district court to affirm revocation of her probation for an offense that was not listed and that she was not given notice of would not comport. It would be improper. And the notice that she was provided. To then have her probation revoked on the basis of an offense that was not included does not comport with due process. Unless the court has any further questions. Are there any? No, thank you. Thank you. We understand your case.